IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **JPAR Franchising, LLC**, <br><br>　　　Plaintiff, <br><br>　v. <br><br><br>**Jason Will Real Estate, LLC**, **Jason Will**, and **Diana Will**, <br><br>　　　Defendants. | Case No. 4:23-cv-322 |

## Complaint

Plaintiff JPAR Franchising, LLC ("JPAR") alleges the following Complaint:

### Nature of Action

1.　　This is an action for unfair competition and false designation of origin in violation of § 43(a) of the United States Trademark Act of 1946, 15 U.S.C. § 1125(a); breach of contract; trademark infringement in violation of § 43(a) of the United States Trademark Act of 1946, 15 U.S.C. § 1114(1); dilution in violation of Ala. Code § 8-12-17; and related claims for trademark infringement and unfair competition under common law.

**The Parties**

1.      JPAR Franchising, LLC is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business at 5045 Lorimar Dr., Ste 180, Plano, Texas 75093.

2.      Defendant Jason Will Real Estate, LLC (the "Will Entity") is a limited liability company organized and existing under the laws of the State of Alabama with principal places of business at:

    a.   154 N. Section Street, Fairhope, Alabama 36532;

    b.   3800 Gulf Shores Parkway, Suite 106, Gulf Shores, AL 36542; and

    c.   4524 Southlake Pkwy, Suite 4, Hoover, Alabama 35244.

3.      Upon information and belief, Defendant Jason Will is an individual residing in Hoover, Alabama.

4.      Upon information and belief, Defendant Diana Will is an individual residing in Hoover, Alabama.

**Jurisdiction and Venue**

5.      The Court has original jurisdiction over this subject matter of this action under 28 U.S.C. § 1331 and 1338(a) and (b) and 15 U.S.C. § 1121.

6.      The Court has supplemental jurisdiction over Plaintiff's state statutory and common law claims pursuant to 28 U.S.C. §1367.

7.     Defendants have contractually agreed to personal jurisdiction in this District. In addition, Defendants regularly transacted business within this District as a former franchisee of JPAR, and Defendants have committed tortious acts within this District including, for example, committing willful trademark violations expressly aimed at JPAR, a company with its principal place of business in this District.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the unlawful acts of the Defendants complained of herein have been committed by the Defendants within this District and have had or will have had effect in this District.

## Factual Background

9.     Plaintiff develops and operates a system for operating real estate brokerage franchises throughout the United States. Under its franchise agreements, Plaintiff licenses its franchisees to use its system and various Service Marks associated therewith.[1]

10.    Registered Service Marks licensed by Plaintiff include:

| Mark | Serial No. | Registration No. | Goods and Services |
|------|-----------|------------------|--------------------|
| JPAR | 87219641 | 5357909 | Advertising of commercial or residential real estate. |
| JPAR | 88628934 | 6171016 | Franchise support services, |

---

[1] Under the Franchise Agreement between JPAR and the Will Entity, "Service Marks" include "proprietary marks registered with the United States Patent and Trademark Office and certain states, as well as all common law trademarks and service marks, trade names, logo types, insignias, designs and other commercial symbols that [JPAR] now or hereafter is authorized to use and does use or authorizes others to use to identify the Franchised Business." (Franchise Agreement, Sections II, **Exhibit 1**.)

| | | | namely, offering business management assistance and technical consulting in the establishment, operation and marketing of real estate brokerage agencies and real estate agencies; Franchising, namely, consultation on and assistance in business management, organization and promotion in the field of real estate. |
|---|---|---|---|
| JPAR Commercial | 97165109 | 6942957 | Advertising of commercial or residential real estate |
| JPAR Real Estate | 97163055 | 6942902 | Advertising of commercial or residential real estate |

11.    As a result of Plaintiff's use of its Service Marks in connection with Plaintiff's goods and services, consumers have come to associate the Service Marks exclusively with Plaintiff, Plaintiff's brokerage system, and Plaintiff's franchisees.

12.    Plaintiff operates a website hosted at jpar.com from which Plaintiff markets its goods and services.

13.    Plaintiff also registers websites for franchisees to advertise their JPAR franchises.

**The Franchise Agreement**

14.    In September 2019, Jason Will and the Will Entity entered into a Franchise Agreement (the "Franchise Agreement") with JPAR, by which the Will Entity became a JPAR franchisee.

15.     In conjunction with the Franchise Agreement, Jason Will and Diana Will executed a Nondisclosure, Noncompetition and Nontransfer Covenant and Personal Guarantee with JPAR (the "Personal Guarantee").

16.     Under the Personal Guarantee, Will and Diana Will "unconditionally and irrevocably guarantee[d] the full performance of each and all the terms, covenants and conditions of [the Franchise Agreement] to be kept and performed by [the Will Entity] including, but not limited to, the payment of all sums due thereunder." (Personal Guarantee, **Exhibit 2**.) More specifically, they agreed "individually and jointly to comply with and be bound by all provisions of this Franchise Agreement in any way related to nondisclosure, noncompetition and non-transfer to the same extent as if each of them were the Franchisee, including but not limited to paragraphs . . . 13.01," which paragraph includes prohibitions on post-termination use of the marks addressed herein. (*Id.*)

17.     The Will Entity initially operated JPAR franchises in three locations in Mobile and Baldwin Counties, Alabama: Fairhope, Gulf Shores, and Mobile. The Will Entity branded these locations under the name "JPAR Coast & County."

18.     The Will Entity subsequently opened additional JPAR franchises in Birmingham, and Hoover, Alabama. The Will Entity branded these locations under the name "JPAR Impact."

19.    Plaintiff registered the website JPARStrong.com for marketing the Will Entity franchises.

20.    On or around April 22, 2022, the Will Entity sold its interest in its Mobile, Alabama franchise. The purchaser began operating the location under the name "JPAR Gulf Coast." JPAR Gulf Coast also operates a franchise location in Spanish Fort, Alabama, which is in Baldwin County.

21.    While operating as a JPAR franchisee, the Will Entity marketed itself using both the Service Marks and the names and marks "Jason Will Real Estate," "JWRE," "JWRE Real Estate" and "JWRE residential commercial" (the "JWRE Marks").








22.    From September 2019 until 2023, the JWRE Marks were often used simultaneously and in connection with the Service Marks.






Jason Will Real Estate Team
November 1, 2019 ·

Jason Will Real Estate Team
March 30, 2021 ·


JWRE Birmingham
June 6, 2022 · 🌐

We are so excited to welcome our newest agent to the JPAR Impact brokerage AND The Jason Will Real Estate Team Jayce Holloway! Thank you for choosing us and becoming part of our JPAR Tribe & Family!
We know you're gonna be a ROCKSTAR! ✨
@jwre_team Jason Will Real Estate Team #jparimpact #jpartribe



👍❤️ 20                                                    14 💬


Jason Will Real Estate Team
September 20, 2022 · 🌐

✨ New Agents ✨

Check out how much the JWRE team has grown recently! We are so excited to welcome all of these agents into our tribe and look forward to seeing everything they accomplish! 🙌💙😊
Heather Bullock Elimar Rosenbohm JPAR Coast and County Henry Lavender Sarha Jones Williams Natalie Engelman Blake Ray Jason Will Amber Burnett Beavers

#welcometotheteam
#jpartribe
#jasonwillrealestate
#jasonwillrealestateteam




Jason Will Real Estate Team
August 3, 2022 · 🌐

Way to go Erin Martinez, Realtor at JPAR Coast and County always working hard for your clients!
#undercontract
#jasonwillrealestate
#jasonwillrealestateteam

Jason Will Real Estate Team
September 23, 2022 · 🌐

✨ SOLD ✨

We are so happy for Susan Enns  and her clients on this closing! 🎉🎈
😊
Keep it up! 💙

#SOLD
#jasonwillrealestate
#jasonwillrealestateteam





**Jason Will Real Estate Team**

October 7, 2022 · 🌐



23.   Under the Franchise Agreement, Defendants agreed that:

> all artwork, graphics, layouts, slogans, names, titles, text or
> similar materials incorporating, or being used in connection
> with, the Service Marks that may be created by [the Will Enti-
> ty], its employees, agents and subcontractors and any other par-

ty with whom it may contract to have such materials produced pursuant to this Agreement shall become the sole property of [JPAR], including copyright and trademark rights.

(Franchise Agreement, Section 7.01, **Exhibit 1**.)

24.    Defendants further agreed that the Will Entity would:

use the Service Marks solely in connection with the Franchised Business and shall not use or display the Service Marks in connection with the operation of any business, the performance of any other service or the conduct of any real estate or other activity outside the scope of the Franchised Business.

(Franchise Agreement, Section 7.01, **Exhibit 1**.)

25.    Upon termination of the Franchise Agreement, Defendants agreed that

the Will Entity would promptly:

discontinue the use and/or display of the Service Marks in any manner whatsoever and all Materials containing or bearing same and shall not thereafter operate or do business under the Assumed Name or any other name or in any manner that might tend to give the general public the impression that Franchisee is in any way associated or affiliated with Franchisor, or any of the businesses conducted by it or other owners of the Service Marks.

(Agreement, Sections 13.01(a), **Exhibit 1**.)

26.    Defendants further agreed that:

if [the Will Entity] engages in any business thereafter, **it shall use trade names, service marks or trademarks (if any) that are significantly different from those under which [the Will Entity] had done business** [prior to terminating the Franchise Agreement] and shall use sign formats (if any) that are significantly different in color and type face.

(Franchise Agreement, Sections 13.01(b)(v), **Exhibit 1**.)

27.     Defendants agreed that:

> should it for any reason fail to use and promote the Service Marks in accordance with the terms of this Agreement, in addition to the other rights and remedies available to [JPAR] for this and other breaches of this Agreement, [the Will Entity] agrees to pay to [JPAR] as liquidated damages and not as penalty, an amount equal to the total Continuing Royalty, On Boarding Fee and Annual Dues due and payable by [the Will Entity] to [JPAR] for the two Anniversary Years immediately preceding [the Will Entity's] failure to comply with the terms of this paragraph.

(Franchise Agreement, Section 7.08, **Exhibit 1**.)

28.     Plaintiff and Defendants further agreed to use this Court to litigate any disputes regarding Defendants' use of the Service Marks and other marks in which Plaintiff has an interest in this Court. (Franchise Agreement, Sections 12.02(b), 12.06, 12.07(a), **Exhibit 1**.)

## Defendants' Wrongful Use of the Service Marks

29.     Upon information and belief, during the fall of 2022, Will announced to some or all of the Will Entity's agents and employees that he had been and would be establishing a new or rebranded real estate brokerage outside of the JPAR franchise network. At no point prior to these communications did the Will Entity and JPAR agree to terminate the Agreement.

30.     Beginning in October 2022, Will and the Will Entity ceased paying JPAR the royalties, fees, dues, and other amounts owed to JPAR under the Franchise Agreement.

31.     Nonetheless, the Will Entity continued to market itself and its services using the Service Marks during October, November, and December 2022.

32.     Throughout this time period, the Will Entity continued marketing itself using the JWRE Marks in conjunction with the Service Marks.

 



33.    On January 19, 2023, based on the Will Entity's communications with its agents and its continued non-payment of the amounts owed under the Franchise Agreement, Plaintiff acknowledged the Will Entity's termination of the Franchise Agreement.

**Willful Infringement and Defendants' Efforts to Confuse**

34.    Following termination, the Will Entity continued using the same JWRE Marks that it had used when affiliated with JPAR.

35.    Upon information and belief, in January 2023 the Will Entity began marketing its Fairhope, Alabama location under the name "JWRE Gulf Coast" in an effort to confuse consumers and compete with the Mobile, Alabama JPAR fran-

chise it had sold months earlier, which is branded as and operated under the name "JPAR Gulf Coast."

36.    In addition, the Will Entity converted existing Facebook pages associated with its JPAR franchises to use with its non-franchised business in competition with JPAR. Consumers and members of the public who followed these pages did so in order to follow a JPAR-affiliated business. By converting these Facebook pages for use for the benefit of the Will Entity's non-franchised business, Defendants have willfully and intentionally sought to confuse or convert followers of those Facebook pages away from a JPAR affiliated business.

37.    In addition, the Will Entity used other names and marks that were intended to confuse consumers by their similarity to the names and marks under which the Will Entity has operated as a JPAR franchisee. For example, the Will Entity, when operating as a JPAR franchise, was affiliated with the name "JPAR Strong." Following termination of the Franchise Agreement, the Will Entity began using the name and mark "JWRE Strong" in its marketing, including Facebook pages, email domains, and urls.



38.     As a result of Defendants' intentional efforts, internet searches now incorrectly indicate that Defendants' remain affiliated with Plaintiff and the Service Marks.



39.     In addition, the Will Entity has not removed various prior marketing and advertisements associating it with the Plaintiff and the Service Marks. As of this filing, the Will Entity continues to maintain online posts, videos, and marketing using the Service Marks and the JWRE Marks that were used while the Will Entity was a JPAR franchisee, and which indicate an association with JPAR.

40.     The Will Entity maintains at least four different Facebook pages, all of which contain photos and posts marketing itself and its services using the Service Marks and indicating an association with Plaintiff.





41.    The Will Entity maintains a YouTube channel, which continues to display videos and marketing efforts that use the Service Marks to falsely indicate an association with Plaintiff.



42.    The Will Entity continues marketing itself as "Jason Will Real Estate,"  and continues using the same JWRE Marks that were used when the Will Entity was a JPAR franchisee, which can be viewed in the previous pictures, as well as the Will Entity's website jasonwillrealestate.com:



43.     Defendants have made further intentional efforts to confuse consumers about their affiliation with the JPAR franchise network. For example, the Will Entity's "JWRE Gulf Coast" Facebook page includes and directs viewers to a hyperlink to a JPAR affiliated website.



44.     Defendants are not authorized to use the Service Marks, nor are they permitted to use any marks that are the same or similar to ones they used while the Will Entity was a JPAR franchisee, such as the JWRE Marks.

45.     Defendants are in breach of their Franchise Agreement and are intentionally misleading and confusing consumers by continuing to use the Service Marks and by using the JWRE Marks as set forth above, resulting in harm to Plaintiff.

**Count I**
**Service Marks – Unfair Competition, False Designations**
**of Origin, and False and Misleading Descriptions and Representation**

46.    Plaintiff realleges paragraphs 1–45 of this Complaint as if fully set forth fully herein.

47.    Defendants' continued use of the Service Marks constitutes unfair competition pursuant to 15 U.S.C. § 1125(a). Defendants' continued use of the Service Marks is deceptive and likely to cause confusion and mistake among consumers. Defendants' unfair competition has caused and will continue to cause damage to Plaintiff.

48.    Upon information and belief, Defendants' actions are undertaken for the willful and calculated purpose of destroying Plaintiff's goodwill in its products and services and for the willful and calculated purpose of misleading and deceiving the public and to steal Plaintiff's customers.

49.    The activities of Defendants have caused and will cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

50.    In addition to Plaintiff's actual damages, Plaintiff is entitled to receive Defendants' profits pursuant to 15 U.S.C. § 1117(a).

51.    Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## Count II
## Breach of Contract

52.   Plaintiff realleges paragraphs 1–45 of this Complaint as if fully set forth fully herein.

53.   Defendants' continued use of the Service Marks and JWRE Marks violates the Franchise Agreement, including Sections 7.01, 7.06, 13.01(a), and 13.01(b)(v).

54.   Plaintiff has been harmed by Defendants' breach of the Franchise Agreement.

55.   Pursuant to Section 7.08 of the Franchise Agreement, in addition to further damages, Plaintiff is entitled liquidated damages in the amount of the total Continuing Royalty, On Boarding Fee, and Annual Dues due and payable for the two Anniversary Years immediately preceding Defendants' termination of their franchises, which amounts total no less than $333,532.54.

## Count III
## Federal Trademark Infringement

56.   Plaintiff realleges paragraphs 1–45 of this Complaint as if fully set forth fully herein.

57.   Defendants' continued use of the Service Marks and JWRE Marks infringes on the Service Marks, is deceptive and likely to cause confusion and mis-

take among the public as to the identity and origin of the products and services offered by Plaintiff and its franchisees.

58.    Upon information and belief, Defendants' actions are undertaken for the willful and calculated purpose of destroying Plaintiff's goodwill in its products and services and for the willful and calculated purpose of misleading and deceiving the public and stealing the customers of Plaintiff and its franchisees.

59.    By reason of the foregoing acts, Defendants are liable to Plaintiff for trademark infringement under 15 U.S.C. § 1114.

60.    The activities of Defendants have caused and will continue to cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

61.    Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

**Count IV**
**Common Law Trademark Infringement**

62.     Plaintiff realleges paragraphs 1–45 of this Complaint as if fully set forth fully herein.

63.    Plaintiff, by virtue of its prior adoption and use of the Service Marks in interstate commerce, has acquired, established and owns valuable common law rights in the Service Marks, which serves to identify the goods and services offered

by Plaintiff alone, and the goods and services offered in connection with that mark are regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, or affiliated with Plaintiff.

64.    Defendants are using the Service Marks and JWRE Marks, without authorization, in commerce in connection with the advertising or promotion of the Defendants' agents and real estate services, and such use is deceptive and likely to cause confusion and mistake among consumers as to the true franchise affiliation or association of the related services.

65.    Defendants' conduct constitutes trademark infringement in violation of the common law of Alabama.

66.    As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered actual and irreparable injury for which no adequate remedy exists at law.

67.    Defendants' wrongful conduct will continue to cause such injury unless enjoined by this Court.

## Count V
## Alabama Trademark Dilution

68.    Plaintiff realleges paragraphs 1–45 of this Complaint as if fully set forth fully herein.

69.     By virtue of widespread and prominent use in connection with the Plaintiff's franchise network, the Service Marks have become famous in the State of Alabama and beyond and is an asset of substantial value to Plaintiff.

70.     Defendants have used Plaintiff's Service Marks, without authorization, in commerce in connection with the promotion of Defendant's agents and real estate services, offering or advertising its real estate services in direct competition with Plaintiff.

71.     Defendants' use has occurred after the Service Marks became famous, and their use dilutes the distinctive quality of Plaintiff's famous Service Marks, including by blurring and by tarnishment.

72.     Defendants' conduct constitutes trademark dilution in violation of Ala. Code § 8-12-17.

73.     As a direct and proximate result of Defendants' conduct in violation of Ala. Code § 8-12-17, Plaintiff has suffered actual and irreparable injury for which no adequate remedy exists at law.

74.     Defendants' wrongful conduct will continue to cause such injury unless enjoined by this Court.

### Count VI
### Unfair Competition

75.     Plaintiff realleges paragraphs 1–45 of this Complaint as if fully set forth fully herein.

76.     Defendants, by their continued use of the Service Marks and JWRE Marks (which are associated with and indicative of the Service Marks), are using in commerce in Alabama a colorable imitation of Plaintiff's Service Marks in connection with the promotion of Defendants' agents, and real estate services. Defendants' use of these infringing marks constitutes passing off, infringement and misappropriation of Plaintiff's Service Marks, all in violation of the law of unfair competition.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully prays that:

1.     The Court enter a judgment that the Service Marks are valid and enforceable, and that Defendants, as a result of their unauthorized use of the Service Marks, have:

      a.     breached Franchise Agreement;

      b.     infringed Plaintiff's rights in the Service Marks in violation of 15 U.S.C. §1114(1), and the common law of the State of Alabama;

      c.     engaged in unfair competition with Plaintiff in violation of the Federal Lanham Act, 15 U.S.C. §1125(a)(1)(A) and the common law of the State of Alabama; and

d.      diluted the distinctive quality of the Service Marks in violation of Ala. Code § 8-12-17.

2.      A judgment be entered in Plaintiff's favor, ordering Plaintiff to pay any and all amounts owed as a result of their breaches of the Franchise Agreement including, without limitation, liquidated damages of at least $333,532.54;

3.      Defendants and their agents, officers, suppliers, distributors, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendants, and each of them, be temporarily and permanently enjoined from:

e.      using Plaintiff's Service Marks or any colorable imitation thereof;

f.      using the JWRE Marks or any marks that are not significantly different therefrom;

g.      using any trademark that imitates or is confusingly similar to or in any way similar to the Service Marks or the JWRE Marks, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiff's products and services or their connectedness to Defendants;

h.      passing off or inducing or enabling others to sell or pass off any goods or services that are not authorized by Plaintiff as goods or services sponsored or endorsed by, associated or affiliated with Plaintiff; and

    i.  otherwise diluting the distinctive quality of the Service Marks.

  4.  A judgment that, pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages suffered by Plaintiff resulting from the acts alleged herein and that such damages be trebled;

  5.  Pursuant to 15 U.S.C. § 1117, Defendants be compelled to account to Plaintiff for any and all profits derived by them from their illegal acts complained of herein;

  6.  Defendants be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendants bearing a trademark found to infringe Plaintiff's trademark rights, as well as all plates, matrices, and other means of making the same;

  7.  Defendants be ordered to submit a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction, as provided by Section 34(a) of the Lanham Act;

  8.  Defendants be ordered to pay an award of damages in an amount to be determined at trial, plus pre- and post- judgment interest;

  9.  Defendants be ordered to pay an award of punitive damages as allowable under the law.

10.    The Court declare this to be an exceptional case and award Plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

11.    The Court grant Plaintiff any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law; and

12.    The Court grant Plaintiff such and other further relief that the Court deems just and proper.

DATED this 13th day of April, 2023.

Respectfully submitted,

/s/ Josh Baker
Josh Baker (Texas Bar No. 24117370)
MAYNARD NEXSEN
7320 N. MoPac Expy
Suite 309
Austin, TX 78731
jbaker@maynardnexsen.com
Telephone: 205-254-1840
Facsimile: 512-359-7996

/s/ Bo Bledsoe
Bo Bledsoe (Alabama Bar No. 9054R88D,
*pro hac vice forthcoming)*
MAYNARD NEXSEN
1901 Sixth Avenue North
Suite 1700
Birmingham, Alabama 35203
bbledsoe@maynardnexsen.com
Telephone: 205-254-1849

Facsimile: 205-254-1999

*Attorneys for Claimant JPAR Franchising, LLC*

**Service to be made upon Defendants at the following addresses:**

Jason Will
2370 Bellevue Terrace
Hoover, AL 35226

Diana Will
2370 Bellevue Terrace
Hoover, AL 35226

Jason Will Real Estate, LLC
c/o Jason Will
1307 Main Street
Daphne, AL 36526


*/s/ Josh Baker*
*Attorney for Claimant JPAR Franchising,*
*LLC*